**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KEVIN WARD,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 17-00498-CG-B** |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| ***et. al.,*** | * | |
| | * | |
| **Defendants.** | * | |

**REPORT AND RECOMMENDATION**

Plaintiff Kevin Ward filed a "Claim for Damage, Injury, or Death" form while in the custody of the Federal Bureau of Prisons. (Doc. 1). On the form, Ward indicates that he is entitled to compensation under 42 U.S.C. § 1983 because he was maliciously prosecuted in this district.[1] (Id.). The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.

On February 21, 2018, the Court entered an order directing Ward to re-file his complaint on this Court's form for prisoner actions by March 21, 2018. (Doc. 2). The Court also observed that Ward did not pay the $400.00 statutory filing fee or file a motion to proceed without prepayment of fees when he filed the "Claim for Damage, Injury

---

[1] Ward submitted the claim form to the Federal Bureau of Prisons Southeast Regional Office which, in turn, forwarded the form to this Court based on Ward's assertion that he was maliciously prosecuted in this district. (Doc. 2).

1

or Death" form, and thus directed Ward to either pay the statutory filing fee or file a motion to proceed without prepayment of fees by March 21, 2018.  (Id.).  The order was mailed to Ward at the prison address provided on his form;[2] however, on March 7, 2018, Ward provided the Court with a Notice of Change of Address, which reflects a free world address.[3]  (Doc. 3).  Shortly thereafter, Ward's copy of the Court's order dated February 21, 2018 was returned to the Court as undeliverable.  (Doc. 4).

In light of foregoing, the Court, on March 14, 2018, issued a second order directing Ward to re-file his complaint on the Court's required form by April 13, 2018.  (Doc. 5).  Ward was also directed to pay the $400.00 statutory filing fee[4] or, in lieu thereof, file a motion to proceed without the prepayment of fees (on the form required by this Court) by April 13, 2018.  (Id.).  Additionally, Ward was provided with the Court's required form for a § 1983 prisoner complaint and the appropriate form for a motion to proceed without prepayment of fees.  (Id.).

A review of the docket reflects that Ward has not refiled his

---

[2] The address provided on his form is Federal Prison Camp, P.O. Box 3949, Pensacola, Florida, 32516-3949.  (Docs. 1, 4).

[3] After a search for Ward on the website of the Federal Bureau of Prisons revealed that he was released from custody six days after filing his initial claim, the Court cautioned him that he should promptly update the Court of his current address in order to timely resolve his claims.  (Doc. 5 at 2).

[4] The statutory filing fee is $400.00; however, if an in forma pauperis request is granted, the applicable filing fee is $350.00 for non-habeas actions.  See 28 U.S.C. § 1914, Judicial Conference Schedule of Fees (effective May 1, 2013).

complaint on the court form as directed.  Ward has also failed to pay the statutory filing fee or file a motion to proceed without prepayment of fees in compliance with the Court's directive.  Further, Ward's copy of the Court's order dated March 14, 2018 (doc. 5), has not been returned to the Court.

Due to Ward's failure to comply with the Court's order dated March 14, 2018 (doc. 5), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses

as a sanction; <u>Malautea v. Suzuki Motor Co.</u>, 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

<u>**Notice of Right to File Objections**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **April, 2018.**

           **/S/SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**